Matter of Gleason v Town of Carmel (2019 NY Slip Op 02094)





Matter of Gleason v Town of Carmel


2019 NY Slip Op 02094


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2016-08566
 (Index No. 1527/15)

[*1]In the Matter of Richard Gleason, appellant, 
v
Town of Carmel, respondent.


Peter J. Gleason, P.C., Mahopac, NY, for appellant.
Blancato Law Offices, P.C., Tarrytown, NY (Richard T. Blancato of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Real Property Tax Law article 7 to review a determination of the Board of Assessment Review for the Town of Carmel dated May 26, 2015, affirming the denial, by the Assessor of the Town of Carmel, of the petitioner's application for an exemption from real property taxation pursuant to RPTL 458-a, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Putnam County (Paul I. Marx, J.), dated June 27, 2016. The order and judgment granted the respondent's motion for summary judgment dismissing the petition, denied the petition, and dismissed the proceeding.
ORDERED that the order and judgment is affirmed, with costs.
The petitioner, the owner of certain real property in Carmel, applied to the respondent, Town of Carmel, for the alternative veterans exemption from real property taxation pursuant to RPTL 458-a on the basis that he was a veteran within the meaning of the statute. On November 26, 2014, the Town's Assessor denied the petitioner's application for the exemption. On May 26, 2015, the Town's Board of Assessment Review (hereinafter the Board) affirmed the Assessor's denial. In July 2015, the petitioner commenced this proceeding to review the Board's determination. The Town moved for summary judgment dismissing the petition on the ground that the petitioner did not qualify for the alternative veterans exemption provided by RPTL 458-a. The Supreme Court granted the Town's motion, denied the petition, and dismissed the proceeding. The petitioner appeals.
We agree with the Supreme Court's determination granting the Town's motion for summary judgment dismissing the petition, and dismissing the proceeding. The documents submitted by the petitioner in support of his application and petition, while indicating that his service with the United States Coast Guard for three separate periods in 1991, 1992, and 1993 was for "active duty training," failed to establish that such active duty training periods qualified for the tax exemption pursuant to RPTL 458-a(1)(e) (see General Construction Law § 13-a; Matter of La Rocca v Bronstein , 44 AD2d 668).
DILLON, J.P., COHEN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court